**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**JOSHUA NUNLEY**, *Individually,
and on behalf of himself and all other similarly
situated current and former employees*,

    Plaintiff,

          v.                                **CASE NO. _____**

**PREMIUM PARKING SERVICES, LLC,**       FLSA Opt-in Collective Action
*a Louisiana Limited Liability Company,*       **JURY DEMANDED**

    Defendant.

## COLLECTIVE ACTION COMPLAINT

Plaintiff Joshua Nunley ("Plaintiff"), individually, and on behalf of himself and other similarly situated valet drivers, brings this collective action against Premium Parking Services, LLC ("Defendant"), and alleges as follows:

### I.    INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages, overtime pay, and other damages owed to Plaintiff and other similarly situated current and former valet drivers who are members of a class as defined herein.

### II.    JURISDICTION AND VENUE

2. The FLSA provides a private right of action for violations of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by and performed work for Defendant in this District and Defendant regularly conducted business in this District during all times relevant and material to this action.

### III.  CLASS DESCRIPTION

4. Plaintiff brings this action on behalf of himself and the following similarly situated persons:

> All current and former hourly-paid valet drivers who work (or have worked) for Defendant "full time" for at least one (1) year at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.,* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class")[1]

### IV.  PARTIES

5. Defendant, Premium Parking Services, LLC, is a Louisianna Limited Liability Company with its principal address located at 601 Poydras Street, STE 1500, New Orleans, Louisiana. Parking Services, LLC's registered agent for process is James M. Hunger, 601 Poydras Street, STE 1500, New Orleans, Louisiana.

6. Plaintiff Joshua Nunley was employed by Defendant as an hourly-paid valet driver within the past three years preceding the filing of this collective action lawsuit. Plaintiff Nunley's Consent to Join this collective action is attached hereto as *Exhibit A*.

### V.  COVERAGE

7. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) during all times relevant to this collective action lawsuit.

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

8. At all times material to this action, Plaintiff and those similarly situated have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and, worked for Defendant within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

9. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

10. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it has been an "enterprise" engaged in interstate commerce and their employees have been engaged in interstate commerce.

## VI.   FACTUAL ALLEGATIONS

11. Defendant Premium Parking Services, LLC, owns, operates, and manages parking facilities and valet services in Tennessee and other states in the United States.

12. Defendant's business is to provide parking and valet services to its customers.

13. Plaintiff and those similarly situated have worked more than 40 hours per week within weekly pay periods during all times relevant and material to this Complaint.

14. Defendant failed to pay Plaintiff and those similarly situated at least the FLSA minimum wage rates of $7.25 per hour within weekly pay periods during all times relevant and material to this collective action.

15. More specifically, Defendant only paid Plaintiff and those similarly situated $7.00 per hour for each regular hour of work within weekly pay periods during all times relevant and material to this collective action.

16. Defendant also failed to pay Plaintiff and those similarly situated one and one-half times their regular hourly rate of pay within weekly pay periods for all hours worked in excess of 40 per week, as required by the FLSA, during all times relevant and material to this collective action.

17. More specifically, Defendant failed to pay Plaintiff and those similarly situated the required FLSA overtime compensation for all hours worked over 40 per week within such weekly pay periods by shifting (spreading) such overtime hours into subsequent weeks in violation of the FLSA, during all times relevant and material to this action.

18. The aforementioned unpaid wage claims of Plaintiff and those similarly situated are unified through common theories of Defendant's FLSA violations.

19. Defendant has violated the FLSA and thereby enjoyed ill-gained profits at the expense of Plaintiff and those similarly situated.

20. Although at this stage Plaintiff is unable to state the exact amount owed to him and other members of the class, he believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

### VII.    COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of himself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

22. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

23. The claims of Plaintiff are typical of the claims of the class.

24. Plaintiff is similarly situated for purposes of the FLSA as he and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented and administered by Defendants.

## COUNT I
## FLSA VIOLATION – FAIILURE TO PAY MINIMUM WAGES
**(On Behalf of the Class)**

25. Plaintiff incorporates the preceding paragraphs by reference.

26. This count arises from Defendant's violation of the FLSA in connection with its failure to pay Plaintiff and the class the required FLSA minimum wages for all work performed for them. See 29 U.S.C. § 206.

27. Plaintiff and class members were paid hourly rates less than the FLSA minimum wage rates of pay within weekly pay periods while working for Defendant.

28. Plaintiff and class members were not exempt from the minimum wage requirements of the FLSA.

29. The unpaid wage claims of Plaintiff and class members were unified through common theories of Defendant's FLSA violations.

30. Defendants' failure to pay the minimum wage to Plaintiff and class members, in violation of the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA.  29 U.S.C. § 255(a).

## COUNT II
## FLSA VIOLATION – FAILURE TO PAY OVERTIME WAGES
**(On Behalf of the Class)**

31. Plaintiff re-alleges and incorporates by reference all allegations set forth in the paragraphs above.

32. This count arises from Defendants' violation of the FLSA in connection with its failure to pay the overtime wages. See 29 U.S.C. § 206.

33. Plaintiff and class members worked in excess of forty (40) hours per week for Defendant within weekly pay periods during all times relevant and material to this action, yet they were not paid at one and one half time their regular rate of pay for all such overtime work, as required by the FLSA.

34. The unpaid wage claims of Plaintiff and class members are unified through common theories of Defendant's FLSA violations.

35. Plaintiff and class members were not exempt from the overtime requirements of the FLSA.

36. Defendant's failure to pay overtime wages to Plaintiff and class members in violation of the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA. 29 U.S.C. § 255(a).

## **PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and/or on behalf of himself and all other similarly situated members of the class, request this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual opt-in consents under 29 U.S.C. § 216(b);

B. An award of compensation from Defendant for unpaid minimum wages to Plaintiff and class members at the applicable FLSA minimum wage rate of pay.

C. An award of compensation from Defendant for unpaid overtime wages to Plaintiff and class members at the applicable FLSA overtime wage rate of pay.

D.     An award of liquidated damages to Plaintiff and class members; or in the alternative an award of prejudgment interest.

E.     An award of post-judgment interest at the applicable legal rate to Plaintiff and class members;

F.     An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and class members;

G.     A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

H.     Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated: March 29, 2022.                      Respectfully submitted,

                                               */s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for Named Plaintiff, on behalf of himself and all other similarly situated current and former employees*