## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **JOSHUA NUNLEY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 2:22-cv-02194-JTF-atc** |
| **PREMIUM PARKING SERVICES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT
## AND FOR DISMISSAL

Before the Court is the parties' Joint Motion for Order Approving Settlement Agreement under the Fair Labor Standards Act ("FLSA"), and for Dismissal, filed on June 13, 2023.  (ECF No. 39)  After reviewing the Motion and the terms of the settlement agreement, the Court finds as follows:

1.      The Court approves the Parties' Settlement Agreement as a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act. *Mazariegos v. MemMex, Inc.*, 2019 WL 11583455, at *2 (W.D. Tenn. Jun. 26, 2019) (citing *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)).

2.      In this analysis, the Court examines "(1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by an attorney who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute." *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1354). With regards to fairness and reasonableness, the Court must examine "(1) the existence of fraud or collusion behind the

settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-cv-02239, 2014 WL 2959481, at *3 (W.D. Tenn. Jun. 13, 2014) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

Upon review of the settlement documents as submitted, the Court finds that these factors are satisfied. The Plaintiffs' attorneys are members of a highly regarded employment law firm with extensive experience in negotiating and litigating Fair Labor Standards Act cases. The Settlement Agreement in this FLSA action was negotiated and agreed upon in an adversarial context. The Settlement itself is a fair and reasonable compromise based on a review of the issues at hand and the Settlement Agreement.

**IT IS ORDERED** that the Joint Motion to Approve Settlement and for Dismissal is **GRANTED.** This action is hereby dismissed without prejudice, with each party to bear its own attorneys' fees and costs except as provided in the Confidential Settlement Agreement. The parties have the right to move for summary judgment seeking to enforce the settlement if not consummated. The Court also retains jurisdiction over the Parties and their Confidential Settlement Agreement for purposes of enforcing such agreements should any controversy arise about the terms of the agreements or any party's performance of its obligations thereunder.

**IT IS FURTHER ORDERED** that, upon the Court's receipt of a joint motion to dismiss to be filed by the Parties no later than 60 days after the disbursement of the balance of the payments as specified in the Confidential Settlement Agreement, the Court will enter a final order dismissing with prejudice the claims of all Plaintiffs in this action according to the terms of the Confidential Settlement Agreement.

For the foregoing reasons, the Court finds that the Parties' Motion is well-taken and should be **GRANTED**.  Accordingly, this action is hereby **DISMISSED** without prejudice.  A separate judgment will be entered closing the case.

**IT IS SO ORDERED** this 14th day of June, 2023.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE